IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 13 |
| | * | |
| ALEX WILLIAM GUNTRUM and | * | Case No.: 09-26491-TPA |
| JEANINE MARY GUNTRUM a/k/a | * | |
| JEANINE MARY CIOPPA f/d/b/a | * | |
| ALE-BELLA INC. d/b/a CAFÉ | * | Document No.: |
| NAPLES, | * | |
| | * | |
| Debtors. | * | |
| ********************************* | * | |
| FIDELITY BANK, PaSB, | * | |
| | * | |
| Movant. | * | |
| | * | |
| v. | * | |
| | * | |
| ALEX WILLIAM GUNTRUM and | * | |
| JEANINE MARY GUNTRUM a/k/a | * | |
| JEANINE MARY CIOPPA f/d/b/a | * | |
| ALE-BELLA INC. d/b/a CAFÉ | * | |
| NAPLES and COLONIAL SAVINGS, | * | |
| | * | |
| Respondents. | * | |

## MOTION FOR ENTRY UPON PROPERTY FOR INSPECTION
## AND OTHER ACTIVITIES

NOW COMES, Fidelity Bank, PaSB ("Movant"), by its attorneys, McGrath Law Group, P.C., and files this Motion for Entry Upon Property for Inspection and Other Activities and in support thereof avers as follows:

1. This is an action arising pursuant to a case under Title 11 of the United States Code.

2. Movant is a party-in-interest under the provisions of the United States Bankruptcy Code, as it is a secured creditor of Debtors.

3. Debtors filed the instant Chapter 13 Bankruptcy Case on September 9, 2009, at the above case number.

4. On or about July 1, 2008, the Debtor, Alex W. Guntrum, obtained a loan from Movant in the principal amount of $114,500.00. The loan is evidenced by a certain Commercial Loan Note dated July 1, 2009, executed by Mr. Guntrum.

5. In order to secure payment of all sums due under the Note, on or about July 1, 2009, the Debtors made, executed, and delivered to Movant an Open-End Mortgage and Security Agreement in the original principal amount of $114,500.00 ("Mortgage") on the premises known as 343 Sunset Drive, Pittsburgh, PA 15235 ("Mortgaged Premises").

6. As a result of the default on said Mortgage, on or about July 8, 2009, Movant commenced a foreclosure action by filing a Complaint in Mortgage Foreclosure in the Court of Common Pleas of Allegheny County, Pennsylvania at GD-09-012277 ("Complaint").

7. On or about August 9, 2009, default judgment was entered in favor of Movant on said Complaint in Mortgage Foreclosure ("Judgment").

8. Debtors indicate in Schedule "D" of their bankruptcy pleadings that there is a senior lien on the Mortgaged Premises in favor of Colonial Savings in the amount of $139,898.91.

9. Movant has been advised by counsel for the Debtors that Colonial Savings has changed the locks on the Mortgaged Premises and consequently is currently the only party with access to the Mortgaged Premises.

10. In accordance with the terms of the Movant's Mortgage, the "Lender may make or cause to be made reasonable entries upon and inspections of the Mortgaged Premises".

11. The Movant, along with its appropriate vendors, if any, desire to obtain access to the Mortgaged Premises in order to evaluate the value thereof and determine whether it wishes to protect second lien mortgage.

12. Counsel for the Movant has requested access to the Mortgaged Premises through counsel for Colonial Savings, Robert P. Wendt, Esquire, on several occasions.

13. Despite numerous requests made by Movant upon Colonial Savings, through its counsel, Colonial Savings has not granted Movant access to the Mortgaged Premises and in fact, has failed to respond to said inquiries.

14. The Movant remains concerned that without appropriate authorization from this Court and without the assistance of Counsel for Colonial Savings, any attempted access by the Movant could be viewed as a potential breach of the peace and subject the Bank to liability, as it will be necessary for the Movant to forcibly enter the Mortgaged Premises.

15. Such action is simply unnecessary, considering Colonial Savings maintains a means of access to the Mortgaged Premises.

16. The Movant respectfully requests that this Honorable Court enter an Order of Court authorizing the Movant to access the Mortgaged Premises and directing Colonial Savings to provide said access at a mutually convenient time, but not to exceed fifteen (15) days to permit the Movant to evaluate the value thereof and determine whether it wishes to protect second lien interest.

WHEREFORE, Movant, Fidelity Bank, respectfully requests this Honorable Court to enter an Order of Court authorizing Movant access to the Mortgage Premises and directing Colonial Savings to provide said access at a mutually convenient time, but not to exceed fifteen (15) days to permit the Movant to evaluate the value thereof and determine whether it wishes to protect second lien interest.

McGRATH LAW GROUP, P.C.

Dated: May 21, 2010

By: /s/ Justin L. McCall
Justin L. McCall, Esquire
PA I.D. No. 90909
Three Gateway Center
401 Liberty Avenue, Suite 1375
Pittsburgh, PA 15222
Telephone (412) 281-4333
Facsimile (412) 281-2141
Attorneys for Fidelity Bank